FILED

APR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50284 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04924-H-1 |
| v. | |
| ERIK JOSUE PEREZ-CHAVEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 10, 2015[**]
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and QUIST,[***] Senior District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

1

Erik Perez-Chavez ("Perez") appeals his conviction and sentence on one count of felony assault of a person assisting a federal officer in completion of the federal officer's duties.[1]  We affirm.

**1.**  We apply a modified form of plain error review to Perez's challenge to the indictment, asking whether "the necessary facts appear in any form or by fair construction can be found within the terms of the indictment."  *United States v. Velasco-Medina*, 305 F.3d 839, 846–47 (9th Cir. 2002) (quoting *United States v. James*, 980 F.2d 1314, 1317 (9th Cir. 1992)) (internal quotation marks omitted).  The district court did not commit plain error by failing to dismiss *sua sponte* the indictment on the grounds that the indictment does not explain how the private security officer Perez assaulted is a person named in 18 U.S.C. § 1114.  The evidence was overwhelming and uncontested that the private security officer was assisting a federal officer at the time of the assault, and the indictment's reference to the statute gave Perez "adequate knowledge of the missing element[]" to prepare his defense.  *James*, 980 F.2d at 1318.  Accordingly, Perez was not prejudiced by any supposed defect in the indictment.

---

[1]  Perez does not challenge his conviction under Count 2 for misdemeanor assault of a federal officer.

**2.** We review Perez's instructional error claim for plain error. *United States v. Keys*, 133 F.3d 1282, 1286 (9th Cir. 1998) (en banc). Perez "did not contest" that the private security officer was assisting a federal officer at trial, and there was "overwhelming evidence" that the private security officer was assisting a federal officer when he was assaulted. *United States v. Tuyet Thi-Bach Nguyen*, 565 F.3d 668, 677 (9th Cir. 2009). Accordingly, Perez was not prejudiced by any defect in the instructions.

**3.** We review Perez's double jeopardy claim for plain error. *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). When a jury disregards the instructions on a verdict form and finds a criminal defendant guilty of a crime and its lesser included offense, the "district court may treat the guilty verdict on the lesser-included offense as surplusage." *United States v. McCaleb*, 552 F.3d 1053, 1058 (9th Cir. 2009). The instructions told the jury to consider the lesser-included offense only if the jury acquitted on the greater offense; thus, the district court did not put Perez in double jeopardy by treating the jury's verdict on the lesser-included offense as surplusage.

For the foregoing reasons, Perez's conviction and sentence are

AFFIRMED.